**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOSEPH BARTNICK,

                                            Plaintiff,

               - v -                                                 Civ. No. 1:11-CV-1120
                                                                          (GLS/RFT)

CSX TRANSPORTATION, INC.

                                            Defendant.
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

It never ceases to amaze this Court how discovery disputes have become the primary staple of federal litigation, rather than the substantive merits of the claims and the defenses, and how expected civil discourse can quickly, and unwittingly, devolve into a bountiful display of rhetorical recriminations. Unfortunately, this case is no exception, and is being consumed by the parties' fiercely held positions "over the ever-so-critical issue" as to what may constitute the permissible number of interrogatories. But for the Court's previous experiences with issues such as this, it would be unfathomable as to how, in no less than a half-dozen Letter-Briefs, the tone over this "vital" and "consequential" procedural issue could be cloaked in indelicate idioms about the boorish behavior of one's adversary while attempting to resolve a discovery disagreement. *See* Dkt. Nos. 20, & 22-27. It has become all too common and, yet, it serves no purpose for the Court to endure the pull and tug of the parties'

inculpations and exculpations. Now, that being said, let us turn to the issues at hand.[1]

In October 2011, prior to the parties Rule 26(f) Conference, CSX served a Demand for Interrogatories, which was responded to, in part, by Bartnick. Bartnick did not answer any of the Interrogatories but rather interposed complaints that the Demand itself was originally served prematurely, there are more than twenty-five (25) permitted Interrogatories, and Interrogatories 7, 10, & 16 are objectionable on other grounds. Since the parties were unable to confer and resolve these objections, the issues have been ceded to this Court to resolve. Even though the parties are keenly aware that the Court is now obliged to provide appropriate instructions to them, Bartnick, nonetheless, proposed a couple of compromises, which CSX has described as nothing more than "tit-for-tat." Considering CSX's rejection of Bartnick's latent resolutions, the Court will forge ahead without giving much weight to them.

CSX's Demand for Interrogatories propounds twenty (20) functional Interrogatories with subparts. Dkt. No. 20-1. Counting each subpart independently, Bartnick calculates the number of Interrogatories as sixty-one (61), which obviously would yield a greater total than the permitted twenty-five (25).[2] Dkt. No. 22. As the

---

[1] Per the Scheduling Order, the discovery period will extend many more months. The Court expects during this period that the parties will set aside this triviality for everyone's sake, especially the Court's, and will be more collegial in discussing their disagreements.

[2] Speaking of recriminations, CSX highlights that Bartnick's Demand for Interrogatories
(continued...)

discussion hereinbelow will reveal, for the most part, Bartnick has misapprehended Federal Rule of Civil Procedure 33(a).

## I.  APPLICABLE LEGAL PRINCIPLES

The permissible number of Interrogatories is controlled by Rule 33(a) which reads in part, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts[.]"  The crucible of our discovery disagreement turns on what is meant by "all discrete subparts." Unfortunately, the statute does not provide a further definition to guide litigators and the Court as to what is meant by this phrase or which could definitely settle this presumptive limitation on the number of interrogatories.  Legal commentators and the courts who have grappled with this finite issue raised a similar lament and have considered their review as a matter of first impression.

To confound us more, the Federal Rules Advisory Committee contemplated the issue before us, yet only provided an abbreviated instruction on how to address the problem:

> Parties cannot evade this presumptive limitation through the device of

---

² (...continued)
propounded more than twenty-five (25) interrogatories but cleverly disguised them by not denoting them as subparts, as CSX had done with its Demand for Interrogatories.  Under CSX's calculation, Bartnick had propounded a total of fifty-three (53) Interrogatories, which, nonetheless, it has answered.  *See* Dkt. Nos. 24, Def.'s Lt.-Br., dated Apr. 13, 2012, 24-1, Pl.'s Demand for Interrogs., & 26, Def.'s Lt.-Br., dated Apr. 16, 2012, Ex. F.

> joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

FED. R. CIV. P. 33(a) advisory committee's notes 1993 Amendment; *see also Concerned Citizens of Belle Haven v. Belle Haven Club*, 2004 WL 1699009, at *6 (D.Conn Apr. 28, 2004) (joining discrete separate subparts into a single interrogatory is improper); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443-44 (C.D. Cal. 1998) (survey of cases).

This Court as well as others have found this rather brief analysis insufficient to be a guide on what can become a rather complicated and contorted maze in interpreting interrogatories and their subparts as "discrete separate subjects." What may appear to be a simple process on its face is nothing but the contrary. To delineate between an excessively broad and comprehensive drafting of interrogatories and their subparts and properly narrowly constructed interrogatories is rather difficult to discern. Without a bright-line rule, disagreement between litigants and the courts are apt to occur.

Of the courts that have confronted this issue, there has developed a common denominator on how to weigh an interrogatory's subparts as independent and discrete. An interrogatory's subparts are to be counted as separate and discrete subparts "if they are not logically or factually subsumed within and necessarily related to the primary question." *Madison v. Nesmith*, 2008 WL 619171, at *3 (N.D.N.Y. Mar. 3, 2008) (quoting *Cramer v. Fedco Auto. Component Co., Inc.*, 2004 WL 1574691, at *4

(W.D.N.Y. May 26, 2004) (citations omitted); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003) (citing, *inter alia*, *Safeco of Am. v. Rawston*, 181 F.R.D. at 444-45 (ruling that a subpart is discrete and regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory)); 7 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE, § 33.30[2] (3d ed. 2003) ("The better view is that subparts be counted as part of one interrogatory if they are logically and necessarily related to the primary question."). That is, if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question. *Madison v. Nesmith*, 2008 WL 619171, at *3) (citing, *inter alia*, *Cramer v. Fedco*, 2004 WL 1574691, at *4). Stated another way, if the subparts cannot be fairly and reasonably characterized as closely related to the first part of the interrogatory, they are therefore discrete and separate. *Id.* Indeed, for example, if a response to the first part of a two-part interrogatory is "implicit in a response to the [second] [p]art [] . . . [then] a complete answer to the latter [part] requires an answer to the former [part]. The two subparts are not discrete and may not be characterized as [independent interrogatories]." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 2003 WL 22326563, at * 1; *see also Thompson v. Lantz*, 2009 WL 3157563, at *1

(D.Conn. Sept. 25, 2009) ("A subpart is discrete and therefore regarded as a separate interrogatory when it is logically or factually independent of the questions posed by the basic interrogatory.") (quotation marks and citation omitted) & *Nyfield v. Virgin Islands Tel. Corp.*, 200 F.R.D. 246, 247-48 (D. Virgin Island, May 10, 2001) (ruling that we should examine whether the first question is primary and subsequent questions are secondary to the primary question and if the subsequent questions can stand alone then they are independent of the primary question).

Because there can be no hard and fast rule, the issue of what constitutes discrete subparts will have to be determined on a case by case basis. Nonetheless, considering these rules as stated above, several courts have rendered rulings on specific subsets of interrogatories for which we can glean further instruction. For example, an interrogatory seeking each element of a cause of action may be overly broad because each element is a discrete inquiry. *Sec. Ins. Co. v. Trustmark*, 2003 WL 22326563, at * 1. Similarly, subparts of an interrogatory attempting to address twelve affirmative defenses are separate and distinct from the others. *Bujnicki v. Am. Paving and Excavating, Inc.*, 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004). As another example, the court in *New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, 2003 WL 22305141 (D. Conn. Feb. 6, 2003), was confronted with an interrogatory that concerned sixty-four (64) pictures of different revolvers. The *New Colt* court found

the subparts involved distinct revolvers calling for individual commentary, and that under this circumstance, each question was discrete. *Id.* at *2. Therefore, with all of this instruction in mind, the Court now attempts to determine what the parties should have done. Essentially, this Motion has become "an exercise in counting interrogatory subparts." Dkt. No. 25, Pl.'s Lt.-Br., dated Apr. 16, 2012, at p. 1.

## II. DEFENDANTS' INTERROGATORIES

### A. The number of Interrogatories

The Court will cut right to the chase, without further elaborations, and delineate the Interrogatories by the intended and related subject matter.

Interrogatory Numbers 1, 2, 4, 5, 7, 11, 12, 14, 15, and 17 are single interrogatories.

Interrogatory 3 and 3(e) together constitute a single interrogatory. 3(a) to (d) together constitute a separate and independent interrogatory.

Interrogatory 6 and 6(a) to (c) together constitute a single interrogatory.

Interrogatory 8 and 8(a) together constitute a single interrogatory. 8 and 8(b) together constitute a separate and independent interrogatory.

Interrogatory 9 and 9(a) together constitute a single interrogatory. 9(b) to (d) together constitute a separate and independent interrogatory.

Interrogatory 10 and 10(a) to (d) together constitute a single interrogatory.

Interrogatory 13(a), 13(b), and 13(c) are separate and independent interrogatories.

Interrogatory 16 and 16(a) to (d) together constitute a single interrogatory.

Interrogatory 18 and 18(a) to (e) together constitute a single interrogatory.

Interrogatory 19 and 19(a) to (f) together constitute a single interrogatory.

20 and 20(a) to (e) together constitute a single interrogatory.

Based upon the Court's determinations above, my calculations indicate that CSX has propounded twenty-five (25) Interrogatories.

## B.  Other Interrogatory Issues

As mentioned above, Bartnick objected to Interrogatories 7, 10, and 16.  Since Bartnick is somewhat retreating from his objections to 10 and 16, the Court will address each in reverse order.

Basically, Interrogatory 16 is seeking a calculation of damages.  The Court acknowledges the difficulty in calculating pain and suffering with any exactitude. Yet, Bartnick agrees to give an amount for pain and suffering and reasonable rationale for such a calculation.  Dkt. No. 22, Pl.'s Lt.-Br., dated Apr. 11, 2012, at p. 6.  The Court would not expect anything more than that.

The Court's view of Interrogatory No. 10 succinctly suggests that CSX seeks Bartnick's statements regarding the alleged accident to other persons.  Now that

Bartnick construes this Interrogatory as seeking only non-privileged statements, which the Court shares, he is prepared to answer Interrogatory No. 10. Dkt. No. 25, Pl.'s Lt.-Br., at p. 1. Such an answer would be satisfactory.

Interrogatory No. 7 reads as follows: "State each and every fact and describe any other evidence known to the Plaintiff, any of his agents or his attorney which proves or tends to prove that Defendant was negligent and that such negligence caused or contributed to the incident described in the Complaint." Dkt. No. 20-1, Def.'s Interrog. Bartnick objects to this Interrogatory on two principle grounds: (1) such an interrogatory is seeking attorney-client privileged communication and/or work product; and, (2) improvidently seeks each and every fact and evidence. Dkt. No. 22 at pp. 5-6. In several respects, the Court agrees with Bartnick. A responding party need not provide all evidentiary proof or every shred of evidence he possesses, but his response must be particular as to relevant facts of the case. *Harlem River Consumers Co-op., Inc. v. Assoc. Grocers of Harlem, Inc.*, 64 F.R.D. 459, 466 (S.D.N.Y. 1974) (citing *United States v. Renault, Inc.*, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960)). In order for an answer to be adequate it must be a complete response to the interrogatory, specific as possible, and not evasive. *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997). The answer is supposed to provide more than an idea of what the case or defense is all about. Here, CSX's Interrogatory runs afoul of this rule, and,

moreover, unintentionally intrudes upon the sanctity of the work product doctrine and attorney-client privileged communications. Although he rightfully objects to an interrogatory that seeks "each and every" fact, Bartnick is still prepared to provide a statement of facts; however, the Court is compelled to remind Bartnick of his obligation to provide a reasonably detailed statement about the facts of the incident and the witnesses with knowledge of the event. Given this instruction, Bartnick shall answer the Interrogatory accordingly.

On another note, the Court provides further guidance regarding Bartnick's obligation to respond. Throughout our discussion, Bartnick repeatedly referred to the fact that he had provided much of the information the Interrogatories seek by his Rule 26 Disclosure, as if that would constitute a proper, complete, and adequate response. Bartnick's postulation is erroneous. Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers in the interrogatories, other document production, the complaint itself, or any other document is unresponsive and thus improper. *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) (noting that other courts have held that a party may not incorporate deposition testimony or rely upon future depositions in lieu of submitting complete responses to interrogatories); *In re Savitt/Adler Litig.*, 176 F.R.D. at 49; MOORE FEDERAL PRACTICE §§ 33.101, 33.103,

& 33.106.

## II.  CONCLUSION

Based upon the foregoing, this Court finds that CSX's Demand for Interrogatories does not exceed the presumptive limit of twenty-five (25) interrogatories.  Although labor intensive, Bartnick will have to answer each of these Interrogatories, keeping in mind the Court's instructions above.  Bartnick shall provide responses to CSX's Demand for Interrogatories within thirty (30) days of the filing date of this Memorandum-Decision and Order.

**IT IS SO ORDERED**.

April 27, 2012
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge