**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH BARTNICK,**

               **Plaintiff,**            1:11-cv-1120
                                                 (GLS/RFT)
        v.

**CSX TRANSPORTATION, INC.,**

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>The Moody Law Firm, Inc.<br>500 Crawford Street<br>Suite 300<br>Portsmouth, VA 23704 | E. STANLEY MURPHY, ESQ. |
| **FOR THE DEFENDANT:**<br>Eckert, Seamans Law Firm<br>Suite 700<br>10 Bank Street<br>White Plains, NY 10606 | LAWRENCE R. BAILEY, JR., ESQ. |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction[1]

---

[1] The docket reflects that plaintiff Joseph Bartnick is still represented by attorney Thomas Buchanan. While this case was pending, Buchanan apparently left his law firm for judicial office. Bartnick is ordered to notify the court, within fourteen (14) days of the date of this order, whether he

Plaintiff Joseph Bartnick commenced this Federal Employers' Liability Act (FELA or "the Act")[2] action against his employer, defendant CSX Transportation, Inc. (Compl., Dkt. No. 1.) Bartnick alleges that CSX was negligent by failing to provide him with a safe workplace, causing injury. (*Id.* ¶ 16.) Pending is CSX's motion for summary judgment dismissing Bartnick's complaint. (Dkt. No. 62.) For the reasons that follow, the motion for summary judgment is denied.[3]

---

either requests that Buchanan be terminated from the docket or seeks the substitution of new counsel from Buchanan's former law firm. If the latter, new counsel shall file a notice of appearance as soon as is practicable.

[2] *See* 45 U.S.C. §§ 51-60.

[3] In his response to CSX's statement of material facts, Bartnick requests that the court strike an exhibit submitted in support of CSX's summary judgment motion—specifically, a DVD video recording of the incident in question—that was filed by CSX along with its motion. (Dkt. No. 65, Attach. 1 at 8-9.) Notwithstanding the impropriety of the manner in which Bartnick has raised this issue, he claims that a readable copy of the disc was never supplied during discovery. (*Id.*) However, it is clear, as Magistrate Judge Randolph F. Treece has pointed out in an order denying a letter motion requesting an in-person conference regarding discovery, (Dkt. No. 70), that defense counsel provided the disc to Bartnick on three separate occasions, that the disc is in a reasonably usable format as required by the Federal Rules of Civil Procedure, and that Bartnick at no time made a motion to compel production of a "readable" copy of the disc. Notably, the time to compel discovery has expired. The discovery deadline in this case was set at January 30, 2013. (Dkt. No. 36.) Pursuant to Local Rule 16.2, parties are required to file and serve discovery-related motions within fourteen days of the discovery

2

## II. **Background**[4]

Bartnick has been employed by CSX in various capacities since 2006. (Dkt. No. 62, Attach. 4 at 20.) At the time of the incident in question, he was working as a messenger, responsible for transporting crew members to different points around the rail yard. (*Id.* at 23-24; Def.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 62, Attach. 10.)

On December 9, 2010, at approximately 7:00 A.M., Bartnick was in a parking lot on the grounds of CSX's Selkirk Yard. (Def.'s SMF ¶¶ 2-3; Dkt. No. 62, Attach. 4 at 29.) At that point it was snowing, and had been for several hours, causing several inches of snow to accumulate on the ground. (Def.'s SMF ¶¶ 4, 9; Dkt. No. 62, Attach. 4 at 49-50; Dkt. No. 62, Attach. 6 at 10-11.) Neither the parking lot itself nor the surrounding walkways had been plowed or cleared of snow. (Dkt. No. 62, Attach. 5 at 53.) Bartnick had walked across the parking lot, from a building on the yard grounds, to reach his car. (Dkt. No. 62, Attach. 4 at 54-55.) When he reached his car, he began clearing the snow off of it, which had at that

---

deadline, which Bartnick has failed to do. For the foregoing reasons, Bartnick's request is denied.

[4] Unless otherwise stated, the facts are undisputed.

point accumulated to "a good three to four inches," but then decided to return to the building to find something to help him better remove the snow. (*Id.* at 56; Def.'s SMF ¶ 6.)

As he traversed the parking lot on his way back to the building, and when he reached the edge of the parking lot, Bartnick was watching and checking the ground in front of him. (Dkt. No. 62, Attach. 4 at 59; Dkt. No. 62, Attach. 5 at 12.) At that point, he took a step with his left foot, and when it hit the ground, his left foot "slid underneath [him]," causing him to fall and injure his ankle. (Dkt. No. 62, Attach. 4 at 59; Def.'s SMF ¶ 11.) Bartnick believed that a broken piece of blacktop underneath the snow caused his left foot to slip. (Dkt. No. 62, Attach. 4 at 60-61; Dkt. No. 62, Attach. 5 at 52-53.) Bartnick's ankle began to swell, he was subsequently taken to the hospital, and his ankle ultimately required surgery. (Dkt. No. 62, Attach. 4 at 68-70; Dkt. No. 62, Attach. 5 at 15.)

### III. <u>Standard of Review</u>

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v.*

*Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV. Discussion

CSX argues that it is entitled to summary judgment because it was not negligent, and instead that Bartnick's injury was caused by a weather condition that CSX had no duty to remedy. (Dkt. No. 62, Attach. 11 at 3-6.) In response, Bartnick emphasizes that his claim is based not solely on the accumulation of snow, but rather on a theory that he fell as a result of broken pavement that had been hidden from view by the accumulated snowfall. (Dkt. No. 65 at 11-13.) Consequently, he argues, CSX has not met its burden of demonstrating that it is entitled to judgment as a matter of law, and questions of fact as to the reasonableness of CSX's actions under the circumstances prevent the entry of summary judgment. (*Id.*) The court agrees with Bartnick, and denies CSX's motion for summary judgment.

FELA, a broad remedial statute that must be construed liberally in order to effectuate its purposes, *see Marchica v. Long Island R.R. Co.*, 31 F.3d 1197, 1202 (2d Cir. 1994), imposes liability on railroad employers for injuries suffered by their employees "resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad]," 45 U.S.C. § 51. In light of its broad remedial nature, FELA "creat[es] a

5

relaxed standard for negligence as well as causation." *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 406 (2d Cir. 1999) (internal quotation marks and citation omitted). However, "FELA is not a strict liability statute and the fact that an employee is injured is not proof of negligence." *Id.* (internal citation omitted).

"The Act requires an employer to provide its employees with a reasonably safe place to work." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 76 (2d Cir. 1993) (citations omitted). That duty is breached when the employer fails to exercise reasonable care in protecting its employees despite the fact that it knew or should have known of a potential hazard in the workplace. *See Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). In evaluating causation, the question is whether the proof justifies a conclusion that the employer's negligence "played any part, even the slightest, in producing the injury." *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957).

Turning to the interplay between the Act and Federal Rule of Civil Procedure 56, an employer seeking summary judgment on FELA claims has "a particularly heavy burden." *Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F. Supp. 2d 506, 514 (S.D.N.Y. 2000). Negligence and

6

causation are factual issues and, "[a]s with all factual issues under the FELA, the right of the jury to pass on [them] must be liberally construed." *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 85 (2d. Cir. 1989). Thus, "[u]nder the FELA, 'the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff.'" *Gadsden v. Port Auth. Trans-Hudson Corp.*, 140 F.3d 207, 209 (2d Cir. 1998) (quoting *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 828 (2d Cir. 1994)).

Here, CSX has not met its heavy burden. Bartnick alleges in his complaint that he "fell in an unmarked depression which was covered by un-shoveled snow and sustained a severe left ankle fracture." (Compl. ¶ 8.) As more fully explained in Bartnick's responses to interrogatories, he specifically alleges that:

> [t]he pavement in [CSX]'s parking lot was uneven. Large areas of asphalt had sunk as much as three to five inches, apparently due to unstable ground beneath the paving. The area of the accident was covered by snow at the time of Mr. Bartnick's fall, obstructing the exact location of the uneven pavement.

(Dkt. No. 62, Attach. 7 at 3.) Further, in his deposition, Bartnick testified that what caused his foot to slip underneath him "was probably the

7

blacktop . . . [t]he broken-up blacktop," (Dkt. No. 62, Attach. 4 at 60-61), and that "[t]he lot was just a freaking mess and [the snow] covered up all the bad pavement," (Dkt. No. 62, Attach. 5 at 52). However, in its motion, CSX focuses entirely on the accumulation of snow, and argues that it did not have a duty to remove the accumulated snow until a sufficient time after the snow had stopped falling. (Dkt. No. 62, Attach. 11 at 4-5.)

In support of CSX's theory that it did not have a duty to address the snow until a reasonable time after the cessation of the storm, it cites two state court cases that affirm that principle in the context of ordinary negligence actions and the corresponding duty of landowners. (*Id.* at 5); *see Simmons v. Metro. Life Ins. Co.*, 207 A.D.2d 290, 291 (1st Dep't 1994); *Robinson v. Albany Hous. Auth.*, 301 A.D.2d 997, 998 (3d Dep't 2003). However, it is clear that federal caselaw, which is controlling in the context of actions pursuant to the FELA, *see Dice v. Akron, Canton & Youngstown R. Co.*, 342 U.S. 359, 361 (1952), imposes a general duty on defendants to provide a safe workplace and take reasonable precautions to ensure that accumulations of ice, snow, and water do not create hazardous conditions. *See, e.g.*, *Gallose*, 878 F.2d at 84-85; *DeChico v. Metro-N. Commuter R.R.*, 758 F.2d 856, 862 (2d Cir. 1985). In any event, this is of no moment,

8

as CSX has not addressed the specifics of Bartnick's claim here.  As mentioned above, Bartnick is not alleging that he slipped on snow or ice; rather, he claims that the snow obscured his ability to see the allegedly broken pavement in the CSX parking lot at Selkirk Yard.  (Compl. ¶ 8.)  Consequently, CSX has not met its burden of showing that it is entitled to judgment as a matter of law, because it has failed to address the allegedly hazardous condition which Bartnick says led to his injury, and thus has not demonstrated that no reasonable jury could find in Bartnick's favor on this issue.  *See Gadsden*, 140 F.3d at 209.  CSX's motion for summary judgment is therefore denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that CSX's motion for summary judgment (Dkt. No. 62) is **DENIED**; and it is further

**ORDERED** that the case is trial ready and the Clerk shall issue a trial scheduling order in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 3, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court